UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-21203-KMW

HARD CANDY, LLC, a Florida limited
liability company,

      Plaintiff,

v.

ANASTASIA BEVERLY HILLS, INC. a
California corporation,

      Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY DEMAND (ECF NO. 66)**

Plaintiff HARD CANDY, LLC ("Plaintiff" or "Hard Candy"), through undersigned counsel, hereby files its Response In Opposition Memorandum of Law in Opposition to Defendant ANASTASIA BEVERLY HILLS' ("Defendant" or "Anastasia") Motion to Strike Jury Demand and Memorandum of Law in Support (ECF No. 66). Plaintiff respectfully requests that the Court deny the Defendant's motion on the following grounds: (1) it is well-established that Plaintiff's actions for trademark infringement and unfair competition claims are legal in nature; and (2) an accounting of profits is an action at law that properly gives rise to a jury demand.

    **I.**    **Brief Factual and Procedural Background**

Hard Candy filed a Complaint alleging the following claims against Anastasia: (1) trademark infringement pursuant to 15 U.S.C. § 1114(a); (2) unfair competition pursuant to 15 U.S.C. § 1125(a); (3) common law trademark infringement; and (4) common law unfair

competition. (Pl.'s Compl., ECF No. 1). The Lanham Act provides trademark owners with different types of monetary relief as compensation for infringement. 15 U.S.C. § 1117(a). In addition to attorney's fees, an injunction, and treble damages, Hard Candy seeks the first type of damages authorized by the Lanham Act—a disgorgement of an infringer's profits. 15 U.S.C. § 1117(a).

II. **Argument**

In its Motion, Defendant argues that the Court should strike Plaintiff's jury demand because "there is no right to a jury under the Lanham Act," Plaintiff has no right to a jury trial under the Seventh Amendment, and "a bench trial better fits this case." (*See* ECF. No. 66). For the reasons stated herein, Defendant's arguments should be rejected.

A. **Hard Candy Has a Constitutional Right to a Jury Trial**

Under the circumstances of this case, Hard Candy has a constitutional right to a jury trial on its claims under the Seventh Amendment. Federal Rule of Civil Procedure 38 requires a party who desires a jury trial—on some or all factual issues—to file a written demand with the court and serve it on the parties. Fed. R. Civ. Pro. 38. The Seventh Amendment preserves the right to a jury trial in federal courts of facts in all "suits of common law" where the amount in controversy exceeds twenty dollars. U.S. Const. amend. VII. The Supreme Court has recognized the Seventh Amendment right to a jury trial as "a vital and cherished right" and any "curtailment of [that right] should be scrutinized with the utmost care." *City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949). To determine whether a party has a right to a jury trial, courts engage in a two-prong analysis.[1] *Tull v. United States*, 481 U.S. 412, 417-418

---

[1] In *Ross v. Bernhard*, 396 U.S. 531, 538 n.10 (1970), the Supreme Court stated that whether an issue was "legal" and hence jury triable as of right was determined by "[first,] considering the pre-merger custom with reference to such questions; second, the remedy sought; and third, the

(1987); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, (1959); *Dairy Queen v. Wood*, 369 U.S. 469, 477.  First, courts compare the action to the late 18th century actions brought in England prior to the merger of law and equity.  *Tull*, 481 U.S. at 417-418.  Second, courts examine the remedy sought to determine whether the remedy is legal or equitable in nature.  *Id.*  Then, courts balance the two prongs, giving greater weight to the latter.  *Id.*

Trademark infringement actions were heard in both law and equity prior to the merger. As such, courts examining whether a Seventh Amendment right to a jury trial exists in a trademark infringement action must examine the second factor: whether the remedy is legal or equitable in nature. *Ideal World Mktg., Inc. v. Duracell, Inc.*, 997 F. Supp. 334, 336 (E.D.N.Y. 1998) (denying motion to strike jury demand). The question before the Court, therefore, is whether the remedy sought by Plaintiff – a disgorgement of Defendant's profits, treble damages, permanent injunctive relief[2], attorneys' fees and costs – are legal or equitable in nature.

---

practical abilities and limits of juries."  The last of these factors is not consistently mentioned, let alone taken into account, in subsequent Seventh Amendment decisions.  In response to Anastasia's third argument concerning judicial economy and pre-trial workload, Hard Candy argues that the pending motions in *limine* will not expend too much judicial capital to warrant a bench trial nor will the exercise of Hard Candy's constitutional right to a trial by jury overburdening members of the community by serving on the jury.

[2] If the Court finds that Plaintiff's claim for accounting or disgorgement of Defendant's profits is legal, then the fact that Plaintiff is also seeking the equitable remedy of permanent injunction does not change the result. See, *Lincoln v. Bd. of Regents of Univ. Sys. of Georgia*, 697 F.2d 928, 934 (11th Cir. 1983) ("When legal and equitable actions are tried together, the right to a jury in the legal action encompasses the issues common to both. When a party has the right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim") (internal citations omitted); *Gulf Bay Capital, Inc. v. Textron Fin. Corp.,* 2016 WL 4009942, at *4 (M.D. Fla. July 27, 2016) (" Beginning with the Supreme Court's seminal decision in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), it has since become black-letter law that 'if a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'")

### B. There is a Split as to Whether There is a Right to a Jury Trial When <u>There is a Claim for Accounting or Disgorgement.</u>

There is a significant split amongst the circuits as to whether a plaintiff in a trademark infringement action seeking disgorgement of defendant's profits under the Lanham Act has the right to a jury trial. While the Eleventh Circuit has not weighed in on the debate, the Eleventh Circuit Pattern Jury Instructions do lay out the process for a jury's determination: stating that the jury's first steps are to determine whether the plaintiff has a valid trademark protected under federal law and whether the defendant's use in interstate commerce has infringed upon the plaintiff's trademark, before turning to affirmative defenses and damages. *See Eleventh Circuit Civil Pattern Jury Instructions*, Instruction 10.1 (2013 revision). Next, the Eleventh Circuit Pattern Jury Instructions explain the available damages for a plaintiff including that the jury "may also make an award based on an accountant of [Name of defendant]'s profits…" *Id*. The jury instructions themselves, at Section 10.1, p. 674, note that a split exists outside of the Eleventh Circuit on the issue of whether the equitable remedy of an accounting of defendant's profits is a matter properly delated to a jury or, alternatively, whether it is within the province of the court:

> A split exists outside of the Eleventh Circuit on the issue of whether the equitable remedy of an accounting of a defendant's profits is a matter properly delegated to a jury or, alternatively, whether it is within the province of the court. In *Dairy Queen, Inc.* v. *Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 (1962), the Supreme Court held that a former franchisee from which a disgorgement of profits was sought was entitled to a jury trial. Based on this outcome, some courts have concluded that a plaintiff's prayer for an accounting creates a right to a jury trial because '[t]his type of remedy is fundamentally compensatory and legal in nature.' *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 48 U.S.P.Q.2d 1151, 1154 (W.D.N.Y. 1998); *see also Ideal World Mktg., Inc. v. Duracell, Inc.*, 997 F. Supp. 334, 337–39 (E.D.N.Y. 1998); *Oxford Indus. v. Hartmarx Corp.*, 15 U.S.P.Q.2d 1648, 1653 (N.D. Ill. 1990). Others, however, have denied requests for jury trials on the ground that 'the *Dairy Queen* Court based its decision on the fact that the predominant claim was for breach of contract and not for equitable relief.' *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 46 (S.D.N.Y. 1995); *see also Am. Cyanamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784, 789 (D.N.J. 1986). In

the absence of controlling circuit authority, this instruction does not purport to resolve that issue; rather, it is intended to provide guidance to the extent that the accounting remedy is referred to a jury.

And, while it does not appear that the Eleventh Circuit has taken on this issue directly, the confusion on the matter was made apparent in a number of recent decisions in the Northern District of Georgia.  In July 2016, in *Wika Instrument, LP v. Ashcroft, Inc.*, after the jury found that the plaintiff was "entitled to $3,300,000.00 of [the defendant's] profits" the District Court for the Northern District of Georgia found "***disgorgement of profits [under the Lanham Act] to be a legal issue that the jury should determine***; therefore, the court will not alter the jury's findings." 2016 WL 7018556 at *4 (July 22, 2016). (emphasis added).  Even that court, however, recognized the "uncertainty as to whether disgorgement of profits is a legal claim for the jury or an equitable claim for the court," so for good measure it also analyzed the jury's award "as an equitable claim," and found the verdict to be "within the range of reason," and therefore "an appropriate equitable remedy." *Id*.  Even more recently, the same court decided that ***"the jury shall decide all issues related to Plaintiffs' election for an award of statutory damages***" under the Lanham Act. *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 2017 WL 928574, at *2 (N.D. Ga. Feb. 10, 2017) (emphasis added). On the other hand, in another case in the same district, just a few months earlier, in evaluating a defendant's motion to strike jury trial because the plaintiff only sought disgorgement of plaintiff's profits, the Court concluded that "disgorgement of profits is an equitable remedy and thus Plaintiff has no right to a jury trial." *Playnation Play Sys., Inc. v. Velex Corp.*, 2016 WL 4166250, at *2 (N.D. Ga. Apr. 27, 2016).

Next, profits are not discussed in Section 1116 of the Lanham Act, which addresses the equitable remedy of injunctive relief. Instead, profits and damages are grouped together (along with costs) in Section 1117(a), which addresses all the available *monetary* remedies. As one

court explained:

> Congress recognized the difficulty of computing appropriate compensation for trademark infringement, and directed the court to combine damages and profits to achieve a just result. That profits were combined with damages in Section 1117 into a single monetary recovery which constitutes 'compensation,' rather than included in Section 1116, the section authorizing injunctions, suggests that ***Congress considered an award of profits more in the nature of damages than as incidental to equitable relief***.

*Oxford Indus. Inc. v. Hartmarx Corp.*, 1990 WL 65792, (N.D. Ill. 1990) (emphasis added).

Contrary to Anastasia's assertion, a claim for an accounting or disgorgement of profits is a legal remedy that entitles Hard Candy to a jury trial. As contemplated by the Eleventh Circuit pattern jury instructions, all of the facts and circumstances relating to a defendant's trademark infringement and unfair competition are within the ken of the jury. The text and structure of the Lanham Act further confirm that profits claims are legal claims.

### C. *Dairy Queen, Inc. v. Wood* Supports a Denial of Defendant's Motion.

Defendant spends much time in its Motion discussing the holding of *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471 (1962). However, many important holdings of the Supreme Court in *Dairy Queen* were left out of the Motion. *Id*. In *Dairy Queen*, the plaintiff had licensed its trademark to the defendant. *Id*. After an alleged material breach of the license agreement, Dairy Queen sent the defendant a notice of breach and cancellation of the license agreement. *Id*. The defendant continued to use the trademark without authorization. Plaintiff therefore brought a cause of action for breach of contract and trademark infringement. *Id*. The Court found that both the claim for breach of contract *and* for trademark infringement were legal in nature.

- "As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character. ***And as an action for damages based upon a charge of trademark infringement, it would be no less subject to cognizance by a court of law***." *Id.* at 477.
- "[I]n order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the 'accounts between the parties' are of

such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Id*. at 478.

- "A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here, whether the theory finally settled upon is that of breach of contract, that of trademark infringement, or any combination of the two. The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into petitioner's business records." *Id.*

The instant case is consistent with the Supreme Court's *Dairy Queen* decision. [3] Simply because the finder of fact would have to determine Defendant's gross revenues, and any deductions proved by Defendant, does not make the relief sought any less a relief of damages. This is entirely consistent with the recent findings of the District Court for the Middle District of Georgia in *Wika Instrument, LP v. Ashcroft, Inc.*, 2016 WL 7018556 (July 22, 2016), and *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 2017 WL 928574 (N.D. Ga. Feb. 10, 2017).

Defendant, instead, argues that decisions in three cases "should end the analysis." Mtn. at 5. However, these cases upon which Defendant relies do little to end the analysis. First, in *Mycoskie, LLC v. 2013toms.com*, 2014 WL 12531313 (S.D. Fla. July 22, 2014), the Court entered an order granting preliminary injunction in a trademark infringement action. The Court commented, *in dicta*, that generally "a plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through a defendant's distribution and sales of goods bearing [infringing] trademarks." *Id*. at *4. Then, the Court cited a Ninth Circuit case which states that "An accounting of profits under §1117(a) … is an equitable remedy subject to the principles of equity." *Id*; *citing Reebok Int'l, Lt'd v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir.

---

[3] As noted by Plaintiff, other courts – mainly the Second and Ninth Circuits have a more limited reading of *Dairy Queen*, concluding that it was a contract damages case, and still hold that trademark infringement actions for disgorgement are actions in equity. *See* § 32:124. *Jury trial in federal courts—The Dairy Queen rule: accounting of profits*, 6 McCarthy on Trademarks and Unfair Competition § 32:124 (4th ed.)

1992). Next, Defendant relies upon *Playboy Enters., Inc. v. P.K. Sorrent Export Co.*, a trademark infringement bench trial which says nothing about why the action was not before a jury – despite the fact that the plaintiff had sought actual damages in addition to disgorgement damages – but refers to an accounting for profits as "an equitable remedy." 5456 F.Supp. 987, 997 (S.D. Fla. 1982). Finally, in *Waldrop v. S. Co. Servs., Inc.*, the third case Defendant relies upon, the Eleventh Circuit evaluated whether a jury trial is constitutionally required under the 29 U.S.C. §§ 701*, et. seq.*, The Rehabilitation Act. 24 F.3d 395 (11th Cir. 1994). There, the Eleventh Circuit found that "a back pay award in a § 504 action is legal in nature, thereby creating a Seventh Amendment jury trial right." *Id*. at 157. In *dicta*, the Court continues and explains that while an action for money damages is "the traditional form of relief offered in the courts of law…it does not necessarily follow that all awards of monetary damages constitute legal relief." *Id*. The "primary exception… is that damages are equitable when 'they are restitutionary, such as in 'actions for disgorgement of improper profits.'" Id; citing *Terry*, 494 U.S. at 570. However, here, Defendant makes no argument as why it even believes the instant claim is "restitutionary" under *Waldrop*.

### III.   Conclusion

Given the split – and *frankly* a lack of clarity – on the very analysis before this Court, this Court should grant Plaintiff's demand for a jury and err on the side of the Seventh Amendment. "The right to a jury trial 'shall be preserved ... inviolate,' ***and a court's discretion 'is very narrowly limited and must, wherever possible, be exercised to preserve jury trial***.' "*Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 2010 WL 2427432, at *1 (S.D. Fla. June 16, 2010) (emphasis added); *Borgh v. Gentry,* 953 F.2d 1309, 1311 (11th Cir.1992) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510 (1959)). "***To the extent that the law is ambiguous***

*any doubts should be resolved in favor of finding a constitutional jury right*, as the 'federal policy favoring jury trials is of historic and continuing strength,' and the risk of error is greater when denying rather than recognizing a constitutional right." *Black & Decker Corp. v. Positec USA Inc.*, 118 F.Supp. 3d 1056, 1064 (N.D. Ill. 2015) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)).

WHEREFORE, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Strike the Plaintiff's Jury Demand and Memorandum of Law (ECF No. 66).

Respectfully submitted,

By: s/ Gabriel Groisman
Gabriel Groisman, FBN 25644
ggroisman@coffeyburlington.com
Kevin C. Kaplan, FBN 933848
kkaplan@coffeyburlington.com
Coffey Burlington, P.L.
2601 South Bayshore Drive, PH 1
Miami, Florida  33133
Telephone:(305) 858-2900
Facsimile:(305) 858-5261
**Secondary:**yvb@coffeyburlington.com
**Tertiary:**service@coffeyburlington.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

       s/ Gabriel Groisman

| Service List ||
|---|---|
| **Alan G. Greer, Esq.**<br>AGreer@RichmanGreer.com<br>**Mark A. Romance, Esq.**<br>MRomance@RichmanGreer.com<br>**Nathaniel M. Edenfield, Esq.**<br>NEdenfield@RichmanGreer.com<br>RICHMAN GREER, P.A.<br>North Tower – 14th Floor<br>396 Alhambra Circle<br>Coral Gables, Florida  33134<br>Telephone:     (305) 373-4000<br>Facsimile:      (305) 373-4099<br>Secondary:     vcordero@richmangreer.com<br>                   brodriguez@richmangreer.com<br><br>*Counsel for Defendant* | **Louis Pirkey, Esq.**<br>*(admitted pro hac vice)*<br>lpirkey@pirkeybarber.com<br>**Travis R. Wimberly, Esq.**<br>*(admitted pro hac vice)*<br>twimberly@pirkeybarber.com<br>**Jered Matthysse, Esq.**<br>*(admitted pro hac vice)*<br>jmatthysse@pirkeybarber.com<br>PIRKEY BARBER, PLLC<br>600 Congress Avenue, Suite 2120<br>Austin, Texas  78701<br>Telephone:     (512) 322-5200<br>Secondary:     rsullivan@pirkeybarber.com<br>                   eolson@pirkeybarber.com<br><br>*Co-counsel for Defendant* |