**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

HARD CANDY, LLC,

      Plaintiff

v.

ANASTASIA BEVERLY HILLS, INC.,

      Defendant

Civil Action No. 1:16-cv-21203-KMW

# Reply in Support of Defendant's Motion to Strike Jury Demand

Alan G. Greer
Florida Bar No. 123294
Mark A. Romance
Florida Bar No. 021520
Nathaniel M. Edenfield
Florida Bar No. 091034
RICHMAN GREER, P.A.
North Tower – 14th Floor
396 Alhambra Circle
Miami, FL 33134
(305) 373-4000
(305) 373-4099 (fax)
agreer@richmangreer.com
mromance@richmangreer.com
nedenfield@richmangreer.com

Louis T. Pirkey
(admitted *pro hac vice*)
Travis R. Wimberly
(admitted *pro hac vice*)
PIRKEY BARBER PLLC
600 Congress Ave., Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (fax)
lpirkey@pirkeybarber.com
twimberly@pirkeybarber.com

*Counsel for Defendant Anastasia Beverly Hills, Inc.*

TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Argument ............................................................................................................... 1

I.      The binding law precludes Plaintiff's position. .................................... 1

II.     Plaintiff's counterarguments fail. ........................................................ 3

III.    *Dairy Queen* does not support Plaintiff. ............................................. 6

IV.    Plaintiff ignores Anastasia's cases. ...................................................... 8

Conclusion ............................................................................................................. 8

Certificate of Service ........................................................................................... 10

INTRODUCTION

Fighting to save its improper jury demand, Plaintiff works to create the impression that the law is "ambiguous" about whether disgorgement of profits under the Lanham Act is an equitable remedy or a legal remedy. Because of this supposed ambiguity, Plaintiff claims, the Court should err in favor of keeping the jury.

The law is not ambiguous. The Supreme Court, the Eleventh Circuit, and this Court have all said that disgorgement of profits is an equitable remedy, not a legal remedy. There is no "split amongst the circuits"; no circuit has adopted Plaintiff's position. Apart from a small minority of district court decisions from outside Florida—outlier decisions whose reasoning has been widely rejected—the law is well settled. Plaintiff gives the Court no reason to chart new ground.

ARGUMENT

## I.  The binding law precludes Plaintiff's position.

As Plaintiff concedes, this motion turns on whether disgorgement of profits under the Lanham Act, 15 U.S.C. § 1117(a), is an equitable remedy or a legal remedy. *See* ECF No. 69 ("Resp.") at 3 & n.2; ECF No. 66 ("Mot") at 3-7. If the former, Plaintiff does not dispute that the Court should strike the jury demand.[1]

---

[1] Plaintiff correctly does not argue that the other remedies it seeks—an injunction, attorney fees, and costs—trigger the Seventh Amendment right to a jury. *See* Resp. 3 & n.2. Plaintiff mistakenly mentions "treble damages" as a remedy it seeks, *id.* at 3, but Plaintiff does not (and cannot) seek treble damages, having withdrawn its damages claim on March 27, ECF Nos. 50 & 51. To the extent Plaintiff means treble *profits*, § 1117(a) contains no provision for trebling a profits award, though it does allow the Court to enter judgment awarding profits in "such sum as the court shall find to be just." Of course, there is no right to a jury on that judicial determination, and Plaintiff does not argue otherwise.

Plaintiff claims that the law on this question is unclear. Resp. 8-9. Thus, Plaintiff says, the Court should keep the jury demand as a constitutional precaution. *Id.* But just a few pages earlier, Plaintiff offers a different theory: the law is clear, and it supposedly says that "disgorgement of profits is a legal remedy that entitles [Plaintiff] to a jury trial." *Id.* at 6.

Whichever of these two conflicting theories Plaintiff prefers, both are wrong. The Supreme Court, the Eleventh Circuit, and this Court have all said unequivocally that disgorgement of profits is an equitable remedy, not a legal remedy.[2] While the Supreme Court has yet to apply this rule specifically in a trademark case, there is no reason to think the rule would be any different in this context (and Plaintiff offers none). Indeed, both the Eleventh Circuit and this Court have said in trademark cases that disgorgement of profits is an "equitable remedy." *E.g.*, *Levi Strauss*, 51 F.3d at 987; *Mycoskie*, 2014 WL 12531313, at *4; *Playboy Enters.*, 546 F. Supp. at 997.

These binding cases all support striking Plaintiff's jury demand. In contrast, Plaintiff cannot identify a single binding case stating that disgorgement of profits is a legal remedy.

---

[2] *E.g.*, *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990); *Tull v. United States*, 481 U.S. 412, 417 (1987); *Porter v. Warner Holding Co.*, 328 U.S. 395, 398-99 (1946); *Herman v. S.C. Nat'l Bank*, 140 F.3d 1413, 1422 (11th Cir. 1998); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Waldrop v. S. Co. Servs., Inc.*, 24 F.3d 152, 153 (11th Cir. 1994); *Mycoskie, LLC v. 2013toms.com*, No. 14-61551-CIV, 2014 WL 12531313, at *4 (S.D. Fla. July 22, 2014); *Playboy Enters., Inc. v. P.K. Sorren Export Co.*, 546 F. Supp. 987, 997 (S.D. Fla. 1982).

## II.      Plaintiff's counterarguments fail.

Because the binding law forecloses its position, Plaintiff tries to muddy the waters. It offers a handful of arguments, apparently hoping to create the impression that the law is "ambiguous." Resp. 9. Those arguments fail.

*First*, there is no "split amongst the circuits." *Id.* at 4. No circuit has adopted Plaintiff's position that disgorgement of profits is a legal remedy. In fact, every circuit to have touched on the issue (including the Eleventh) has said that disgorgement of profits is an equitable remedy.[3] Some of these cases came in the procedural context of striking a jury demand; some did not. But they all say the same thing. And they were all trademark cases under the Lanham Act.

*Second*, while Plaintiff is correct that a few *district* court decisions from outside Florida went the other way, Anastasia already addressed this. *See* Mot. 6-7. As explained, those outlier decisions are a "small minority." 6 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 32:124 (4th ed. 2014) (treatise experts on file as ECF No. 66-2). They are wrong, non-binding, and in conflict with the controlling authority here. Mot. 7; *see also infra* Part III.

---

[3] *E.g., Tamko Roofing Prods. v. Ideal Roofing Co.*, 282 F.3d 23, 26 (1st Cir. 2002); *Gucci Am., Inc. v. Li*, 768 F.3d 122, 130-31 (2d Cir. 2014); *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 209 (3d Cir. 1999); *Shell Oil Co. v. Comm. Petroleum, Inc.*, 928 F.2d 104, 108 (4th Cir. 1991); *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991); *Fuller Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962); *Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc.*, 41 F.3d 1242, 1245 (8th Cir. 1994); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015); *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1163 (10th Cir. 2013); *Levi Strauss*, 51 F.3d at 987; *see also supra* n.2.

***Third***, Plaintiff appears to misinterpret the Eleventh Circuit's pattern jury instructions. *See* Resp. 4-5. The instructions do not suggest that a claim for disgorgement of profits entitles a litigant to a jury. As the instructions make clear, they are merely "intended to provide guidance *to the extent that the accounting* [i.e. disgorgement] *remedy is referred to a jury.*" Eleventh Circuit Civil Pattern Jury Instructions § 10:1 cmt. (2013) (emphasis added). This makes perfect sense: if a litigant *otherwise* has the right to a jury—e.g., because it also seeks damages (unlike Plaintiff here)—the court could allow a jury to calculate a profits number, too.

Also, the pattern circuit instructions do not mention this Court's law that disgorgement of profits is an equitable remedy. *See supra* Part I; Mot. 5. This goes to show that, "[w]hile a 'valuable resource,' this Circuit's pattern jury instructions are 'not binding law.'" *Procaps S.A. v. Patheon, Inc.*, 141 F. Supp. 3d 1246, 1286 (S.D. Fla. 2015) (quoting *United States v. Carter*, 776 F.3d 1309, 1324 (11th Cir. 2015)).

***Fourth***, Plaintiff claims that three cases from the Northern District of Georgia illustrate "confusion" about whether disgorgement of profits is an equitable remedy. Resp. 5. But the only confusion is Plaintiff's. The three Georgia cases are easy to reconcile. Just one of them is on point, and that court did exactly what Anastasia asks this Court to do. It struck a jury demand and applied the correct, majority rule: "[D]isgorgement of profits is an equitable remedy and thus Plaintiff has no right to a jury trial." *Playnation Play Sys., Inc. v. Velex Corp.*, No. 1:14-CV-01046, 2016 WL 4166250, at *2 (N.D. Ga. Apr. 27, 2016).

Plaintiff's other two Georgia cases were quite different from this one. In one, the plaintiff indisputably had the right to a jury because it sought damages. *See Wika Instrument, LP v. Ashcroft, Inc.*, No. 1:13-CV-00043, 2016 WL 7018556, at *1, *4, *6-7 (N.D. Ga. July 22, 2016). So with a jury already required on those damages claims, the court went ahead and also submitted the disgorgement-of-profits claim to the jury for an advisory verdict. *Id.* at *1, *3-4. Plaintiff correctly does not request that procedure here, having withdrawn its claim for damages. *See* ECF Nos. 50 & 51.

In the third Georgia case, the court allowed the jury to decide an issue that has nothing to do with disgorgement of profits: statutory damages for counterfeiting under 15 U.S.C. § 1117(c). *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, No. 1:15-CV-1422, 2017 WL 928574, at *1-2 (N.D. Ga. Feb. 10, 2017). Here, Plaintiff does not allege counterfeiting and has no claim for statutory damages under § 1117(c). *Luxottica* does not apply.

***Fifth***, Plaintiff claims that two of the binding cases foreclosing its position do so only in dicta. Resp. 7-8 (discussing *Waldrop* and *Mycoskie*). Even accepting *arguendo* Plaintiff's incorrect view that these two statements are dicta, there are plenty of other binding cases confirming the same rule (i.e., that disgorgement of profits is an equitable remedy). *See, e.g., supra* Part I (collecting cases). Dicta is not the problem; Plaintiff simply does not like what the cases say. *See, e.g.*, Resp. 8 (acknowledging this Court's clear statement of the rule in *Playboy Enterprises*, 546 F. Supp. at 997, but then disregarding the rule). Meanwhile, Plaintiff cannot identify any binding cases endorsing the rule it urges—not even in dicta.

*Finally*, Plaintiff makes a halfhearted textual argument. According to Plaintiff, disgorgement of profits must be a legal remedy because it is covered by 15 U.S.C. § 1117(a), the same statute that also covers damages. Resp. 5-6. That logic fails: § 1117(a) also covers awards of costs and attorney fees, neither of which are legal remedies. *See* Mot., Part II.C. And the case from which Plaintiff borrows this flawed textual argument (*see* Resp. 6)—a 1990 Illinois decision—is one of the "small minority" of incorrect, non-binding district cases already discussed.

## III.   *Dairy Queen* does not support Plaintiff.

Plaintiff claims that *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), supports keeping the jury demand in this case. Resp. 6-7. It does not. Anastasia has already discussed *Dairy Queen* in its motion. Mot. 7. Anastasia will reiterate those points only as necessary to address Plaintiff's short argument.

As explained, a "small minority" of outlier district decisions have misread *Dairy Queen* as holding that disgorgement of profits is a legal remedy. 6 McCarthy, *supra*, § 32:124. Higher courts—including the Eleventh Circuit—have rejected this misreading, as have influential commentators. *See infra* 7 & n.4; Mot. 7.

Undeterred, Plaintiff invites this Court to adopt the misreading anyway. That invitation is a dead end, and Plaintiff's response brief only verifies this. Plaintiff quotes *Dairy Queen*'s language confirming that the case was about the remedy of damages, not disgorgement of profits. *See* Resp. 6-7. At one point, Plaintiff even quotes this language in bold italics: "'***And as an action <u>for damages</u> based upon a charge of trademark infringement* . . . .**'" *Id.* at 6 (quoting *Dairy Queen*, 369 U.S. at 477) (underline added).

Plaintiff's bold, italicized language exemplifies why courts and commentators have rejected the minority's misreading of *Dairy Queen*. The plaintiff in *Dairy Queen* did not seek disgorgement of profits—it sought *damages* for trademark infringement and *damages* for breach of contract. *See* 369 U.S. at 476-78. Those are indisputably legal remedies, which is what the Supreme Court held. *See id.* And the Court emphasized that the claims were substantively for damages even though the plaintiff had mislabeled them in its complaint as claims for an "accounting." *Id.* at 477-78. Here, in contrast, Plaintiff has not mislabeled any damages claim. It expressly withdrew its damages claim on March 27. ECF Nos. 50 & 51.

Plaintiff concedes that "other courts" have endorsed the correct reading of *Dairy Queen*. Resp. 7 n.3. It cites the Second and Ninth Circuits as examples. *Id.* But Plaintiff neglects to mention that two of these "other courts" are the Supreme Court itself and the Eleventh Circuit. *See, e.g.*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) (explaining that *Dairy Queen* was an "action *for damages* for trademark infringement" (emphasis added)); *Phillips v. Kaplus*, 764 F.2d 807, 814 (11th Cir. 1985) (explaining that *Dairy Queen* involved "a legal claim for damages," not a claim for accounting of profits, and affirming this Court's denial of a jury trial). Anastasia cited *Phillips* in its motion. Mot. 7. Plaintiff ignores it.[4]

---

[4] As noted, other circuits have joined the Eleventh in rejecting the minority's misreading of *Dairy Queen*. *E.g.*, *Fifty-Six*, 778 F.3d at 1075; *Gucci Am.,* 768 F.3d at 132-33. So have influential trademark commentators. *See, e.g.*, 6 McCarthy, *supra*, § 32:124; Mark A. Thurmon, *Ending the Seventh Amendment Confusion: A Critical Analysis of the Right to a Jury Trial in Trademark Cases*, 11 Tex. Intell. Prop. L.J. 1, 16-27 (2002).

Like the outlier cases that misread *Dairy Queen*, Plaintiff confuses damages with disgorgement of profits. *See* Resp. 7 (claiming without explanation that disgorgement of profits is "[no] less a relief of damages"). They are two different remedies under the Lanham Act. *See* 15 U.S.C. § 1117(a); *see also, e.g.*, *St. Charles Mfg. Co. v. Mercer*, 737 F.2d 891, 892-93 (11th Cir. 1983); *Mycoskie*, 2014 WL 12531313, at *4. Damages is a legal remedy; disgorgement of profits is an equitable remedy. This case involves only the latter. Thus, *Dairy Queen* does not apply, and Plaintiff has no right to a jury.

## IV.    Plaintiff ignores Anastasia's cases.

Anastasia's motion cites a wide array of trademark decisions denying jury trials. Mot. 5-6 & n.2. They include decisions from this Court and recent, on-point, well-reasoned decisions from other courts. *Id.* Plaintiff discusses none of them.

### CONCLUSION

Disgorgement of profits is an equitable remedy, which does not trigger the right to a jury. Plaintiff has no compelling argument to the contrary. The Court should strike the jury demand.

8

DATED: May 3, 2017                                      Respectfully submitted,


s/ *Mark A. Romance*                                   s/ *Travis R. Wimberly*
Alan G. Greer                                          Louis T. Pirkey (admitted *pro hac vice*)
Florida Bar No. 123294                                 Travis R. Wimberly (admitted *pro hac*
Mark A. Romance                                        *vice*)
Florida Bar No. 021520                                 PIRKEY BARBER PLLC
Nathaniel M. Edenfield                                 600 Congress Ave., Suite 2120
Florida Bar No. 091034                                 Austin, TX 78701
RICHMAN GREER, P.A.                                    (512) 322-5200
North Tower – 14th Floor                               (512) 322-5201 (fax)
396 Alhambra Circle                                    lpirkey@pirkeybarber.com
Miami, FL 33134                                        twimberly@pirkeybarber.com
(305) 373-4000
(305) 373-4099 (fax)
agreer@richmangreer.com
mromance@richmangreer.com
nedenfield@richmangreer.com

*Counsel for Defendant Anastasia Beverly Hills, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2017 a true and correct copy of the foregoing document was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record or pro se parties below, either via transmission of Notices of Electronic Filing generated by the CM/ECF filing system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Kevin Kaplan
Gabriel Groisman
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse 1
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
kkaplan@coffeyburlington.com
ggroisman@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Plaintiff Hard Candy, LLC*

s/ *Mark A. Romance*
Mark A. Romance